IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Quintin Littlejohn,  )<br>  )<br>           Plaintiff,  )<br>  )<br>    vs.  )<br>  )<br>Kenny Gist;  )<br>Jesse Jackson;  )<br>William Jefferson Clinton;  )<br>Hollis Monroe, Pris.;  )<br>Tonya Coleman,  )<br>  )<br>  )<br>           Defendants.  )<br>_____) | Civil Action No. 6:15-1125-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977). The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton, President of the United States*, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

  The plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. The plaintiff currently resides in Gaffney, South Carolina.

  In the above-captioned case, the plaintiff has brought suit against five individuals. Kenny Gist, according to the plaintiff, is a "King" employed by the Hyatt Regency. It appears that Hollis Monroe is a "pris[oner]." Jesse Jackson is a well-known political activist. William Jefferson Clinton is a former President of the United States. Tonya

Coleman is a nurse at the Lieber Correctional Institution in Ridgeville, South Carolina (doc. 1 at 2).

In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges: (1) the defendants call at all times and try to have sex with him (*id.* at 3); (2) "We" in the legal community call this "Deformation of Character" and "Lewd Correspondence" (*id.*); (3) the defendants do offer in Cherokee County, South Carolina, twenty-five dollars to kill the plaintiff, who is "King of Kings and Lord of Lords" (*id.*); (4) the defendants use slander and libel to deprive the plaintiff of his constitutional rights (*id.*); (5) the defendants have acted under color of state law and violate civil rights statutes (*id.* at 4); (6) under the War Powers Act, the United States military "is called upon them" (*id.*); (7) the defendants violate Masonic law and the law of the nation, and the plaintiff is entitled to damages (*id.*); and (8) the defendants make use of witchcraft to make the plaintiff sick and to kill the plaintiff (*id.*). In his prayer for relief, the plaintiff seeks declaratory relief; injunctive relief; a king's ransom because the plaintiff is a King of the Worlds; and the full worth of "K-DLLL" (*id.* at 5). As to monetary relief, the plaintiff seeks "999 Zillion, Zillion, Zillion, 999 Billion, Billion, Dollars in Gold, Silver and Gems plus iron ore" (*id.*)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal

law and (2) such deprivation occurred under color of state law. Defendants Gist, Jackson, and Monroe are subject to summary dismissal because they are private citizens who have not acted under color of state law. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Defendant Monroe, who appears to be a prisoner, also has not acted under color of state law. *Martin v. Broad River Corr. Inst.*, Civil Action No. 2:13-1510-TMC-BHH, 2013 WL 4776576, at *3 (D.S.C. Sept. 4, 2013) ("a fellow inmate or detainee does not act under color of state law no matter how wrongful his action because the inmate is a private individual, not a state actor, and his conduct is not fairly attributable to the State").

Former President Clinton has absolute immunity for executive actions taken in his official capacity as President (1993–2001). *See Nixon v. Fitzgerald*, 457 U.S. 731, 751–52 & n. 32 (1982); and *Garner v. Supreme Court of U.S.*, Civil Action No. 3:11-2702-TLW-JRM, at *3–4 (D.S.C. Dec. 16, 2011) (current and former Presidents have absolute immunity in a Bivens action), *adopted by* 2012 WL 1570053 (D.S.C. May 02, 2012), *aff'd*, 474 F. App'x 387 (4th Cir. July 20, 2012). With respect to his actions as a private citizen after he left office, former President Clinton has not acted under color of state or federal law. *Hall v. Quillen*, 631 F.2d at 1155–56.

Tonya Coleman, a nurse at the Lieber Correctional Institution, is presumed to have acted under color of state law. *West v. Atkins*, 487 U.S. 42, 50 (1988) ("Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."). There is, however, no indication that she has been personally involved with matters pertaining to the plaintiff since the plaintiff was released from the South Carolina Department of Corrections approximately twelve years ago. *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007) (state employee must be personally involved in the alleged constitutional deprivation). Moreover, generalized allegations of conspiracy are insufficient to support a Section 1983 claim. *Stubbs v. Hunter*,

3

806 F. Supp. 81, 83 (D.S.C. 1992) (litigant must show specific allegations connecting actions of non-state actors to the actions of state actors).

The plaintiff cannot obtain damages for libel and slander. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697–710 (1976). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989).

This federal court does not have diversity jurisdiction to consider any state law claims pursuant to South Carolina law because the plaintiff and at least one of the defendants (Tonya Coleman) are citizens of South Carolina. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

Based on the foregoing, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the important Notice on the next page.

March 13, 2015                                             s/Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).